# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC MEYER,<br><br>        Plaintiff,<br><br>vs.<br><br>WORLD BANK; INT'L MONETARY FUND; EUROPEAN CENTRAL BANK,<br><br>        Defendants. | Case No.: 3:19-cv-00017-GPC-JLB<br><br>**ORDER GRANTING MOTIONS TO PROCEED IN FORMA PAUPERIS AND DISMISSING CIVIL ACTION AS FRIVOLOUS PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(i)**<br><br>**[ECF Nos. 3, 5]** |

ERIC MEYER ("Plaintiff"), a psychiatric patient at Chicago Read Mental Health Center in Chicago, Illinois, and proceeding pro se, filed this civil action using the Court's form Complaint pursuant to the Civil Rights Act, 42 U.S.C. § 1983, and naming the World Bank, the International Monetary Fund, and the European Central Bank as Defendants on January 4, 2019. (*See* Compl., ECF No. 1.)

**I. Procedural History**

Plaintiff did not prepay the civil filing fee at the time he submitted his Complaint, and did not file a Motion to Proceed *In Forma Pauperis* ("*IFP*") pursuant to 28 U.S.C. § 1915(a). Therefore, on January 30, 2019, the Court dismissed the case pursuant to 28 U.S.C. § 1914(a), but granted Plaintiff leave to file an *IFP* motion. (*See* ECF No. 2.) The Court further noted that it was unclear whether Plaintiff was a prisoner as defined by 28

1

U.S.C. § 1915(h), but advised that if he is, he would be subject to the trust account certification requirements in 28 U.S.C. § 1915(a)(2), and required to pay the full civil filing pursuant to the installment payment provisions set out in 28 U.S.C. § 1915(b). (*Id.* at 2-3.)

Plaintiff responded by filing two separate *IFP* motions—one in which he claims to be "incarcerated" and another in which he answers that question with a "?" (*See* ECF No. 3 at 1; ECF No. 5.) Also attached to one of these Motions are dozens of handwritten, rambling claims involving Hillary Clinton, Planned Parenthood, Chicago tattoo parlors, Jamie Lyn Spears, "DHS," Supreme Court justices, food poisoning, illegal drugs, and describing various sexually explicit and obviously delusional scenarios. (*See* ECF No. 5 at 11-34.)

## II. Motions to Proceed *IFP*

As the Court noted in its January 30, 2019 Order, all parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a).[1] An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed *IFP* pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Section 1915(a)(2) requires all persons seeking to proceed without full prepayment of fees to file an affidavit that includes a statement of all assets possessed and demonstrates an inability to pay. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015).

Plaintiff claims to be "imprisoned" and "locked up" at "Read Hospital," *see* ECF No. 5 at 19, but it remains unclear whether he is "accused of, convicted of, sentenced for,

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June. 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed *IFP*. *Id.*

2

or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).[2] Therefore, the Court will presume Plaintiff is *not* subject to those provisions of § 1915 that apply only to prisoners, and review his IFP applications just as it would those filed by any other person. *See e.g., Agyeman v. I.N.S.*, 296 F.3d 871, 886 (9th Cir. 2002) ("[T]he statutory term 'prisoner' is limited to an individual who is 'currently detained as a result of accusation, conviction, or sentence for a *criminal* offense,'" and therefore "does not encompass a civil detainee for purposes of the PLRA.") (citing *Page v. Torrey,* 201 F.3d 1136, 1139-40 (9th Cir. 2000) (emphasis original).

Based on the affidavits Plaintiff has now provided, the Court finds he is unable to pay the fees or post securities required to maintain this action, and **GRANTS** his Motions to Proceed *IFP* pursuant to 28 U.S.C. § 1915(a) (ECF Nos. 3, 5).

**III.**  *Sua Sponte* **Screening pursuant to 28 U.S.C. § 1915(e)(2)**

    A.    <u>Standard of Review</u>

Nevertheless, because he is proceeding *IFP*, Plaintiff's Complaint *is* still subject to sua sponte review, and mandatory dismissal, if it is "frivolous, malicious, fail[s] to state a claim upon which relief may be granted, or seek[s] monetary relief from a defendant immune from such relief." *See* 28 U.S.C. § 1915(e)(2)(B); *Coleman v. Tollefson*, 135 S. Ct. 1759, 1763 (2015) (pursuant to 28 U.S.C. § 1915(e)(2) "the court shall dismiss the case at any time if the court determines that—(A) the allegation of poverty is untrue; or (B) the action or appeal—(i) is frivolous or malicious; [or] (ii) fails to state a claim on which relief may be granted."); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en

---

[2] Chicago Read is a state mental hospital that operates under the authority of the Illinois Department of Health Services and serves the citizens of Cook County, Illinois. *See* https://www.dhs.state.il.us/page.aspx?item=61890 (last visited May 6, 2019).

banc) ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.").

The purpose of § 1915's screening provisions are "'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

B. Plaintiff's Allegations

The allegations in Plaintiff's Complaint, as well as those included in various supplemental documents he has submitted both together with and separate from his IFP Motions, are disjointed, rambling, and irrational. For example, Plaintiff names the World Bank, the European Central Bank, and the International Monetary Fund as Defendants, *see* Compl., ECF No. 1 at 1-2, and he seeks to sue them for violating his "right to a reasonable and wholesome world." (*Id.* at 3.) Plaintiff appears to object to Defendants' ownership of "1/3 [of the] earth," and their "predatory loan" and banking policies as a matter of "international law." (*Id.*)[3]

He also claims the International Bank "gave [him] white flour wheat to hurt [his] immune system," and that unidentified cooks and dietitians at Read are poisoning him

---

[3] As the Court noted in its previous Order, even if Plaintiff's Complaint were not factually frivolous, it also lacks an arguable basis in law. *See Neitzke v. Williams,* 490 U.S. 319, 325 (1989); *Crowley v. Nevada ex rel. Nevada Sec'y of State,* 678 F.3d 730, 734 (9th Cir. 2012) ("Section 1983 provides a cause of action against any person who, under the color of state law, abridges rights 'unambiguously' *created by the Constitution or laws of the United States*.") (quoting *Gonzaga Univ. v. Doe*, 536 U.S. 273, 283 (2002)) (emphasis added); *see also Knapp v. Cate,* No. 1:08-CV-01779-BAM PC, 2011 WL 5416342, at *7 (E.D. Cal. Nov. 8, 2011) ("Plaintiff does not possess any rights enforceable in this section 1983 suit for violations of international law."); *accord Washington v. Richard J. Donovan Corr. Facility*, No. 3:17-CV-01615-MMA-PCL, 2017 WL 8944750, at *4 (S.D. Cal. Oct. 18, 2017).

4

with cow's milk, "Monsanto tomato soup," and a "yucky salad of sliced cucumbers in vinegar." (*Id.*) He further wishes to hold Defendants, as well as Supreme Court Justices Sonia Sotomayor and Clarence Thomas, former President Barack Obama, Elizabeth Warren, Janet Yellen, and Ben Bernanke liable for failing to protect him from a "crisis [of] economics" and the "torture" of Haldol injections, when "drug-free healing," herbs, therapeutic touch, and high-energy radio beams "can alter mood better than drugs." (*Id.* at 4-5.)

### C. Discussion

These allegations show Plaintiff's suit is subject to sua sponte dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) because his claims are obviously frivolous.

A pleading, like Plaintiff's Complaint here, is "factual[ly] frivolous[]" under § 1915 if "the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 25-26 (1992). "[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact.... [The] term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). When determining whether a complaint is frivolous, the court need not accept the allegations as true, but must "pierce the veil of the complaint's factual allegations," *id.* at 327, to determine whether they are "'fanciful,' 'fantastic,' [or] 'delusional,'" *Denton*, 504 U.S. at 33 (quoting *Neitzke*, 490 U.S. at 328).

The Court finds Plaintiff's allegations meet these standards because they "rise to the level of the irrational or the wholly incredible." *Denton*, 504 U.S. at 33. Therefore, Plaintiff's Complaint requires sua sponte dismissal as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and without leave to amend. *See Lopez*, 203 F.3d at 1127 (noting that if a claim is classified as frivolous, "there is by definition no merit to the underlying action and so no reason to grant leave to amend."); *see also Waldrop v. Dep't of Corr.*, No. CIV S-06-1260 DFL EFB P, 2006 WL 2926754, at *1–2 (E.D. Cal. Oct. 11, 2006)

(dismissing as frivolous claims that prison placed radio transmitters in plaintiff's ears and used satellite transmissions to monitor him as an experiment for a web site because they "describ[ed] fantastic or delusional scenarios."). "No matter how sincerely believed by Plaintiff, these allegations are simply too fantastic to warrant the expenditure of further judicial and private resources." *Athans v. Starbucks Coffee Co.*, No. CV-06-1841-PHX-DGC, 2007 WL 1673883, at *2 (D. Ariz. June 11, 2007) (sua sponte dismissing as frivolous pro se litigant's complaint alleging a conspiracy of "illegal surveillance, undercover 'sting' operations, and [the] unlawful 'doping' of [Starbucks] beverages.").

## IV. Conclusion and Orders

Accordingly, the Court:

(1) **GRANTS** Plaintiff's Motions to Proceed *IFP* pursuant to 28 U.S.C. § 1915(a) (ECF Nos. 3, 5);

(2) **DISMISSES** Plaintiff's Complaint *sua sponte* as frivolous and without leave to amend pursuant to 28 U.S.C. § 1915(e)(2)(B)(i);

(3) **CERTIFIES** that an IFP appeal of this Order would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3); and

(4) **DIRECTS** the Clerk of the Court to enter a final judgment of dismissal and to close the file.

**IT IS SO ORDERED**.

Dated: May 7, 2019

Hon. Gonzalo P. Curiel
United States District Judge

6

3:19-cv-00017-GPC-JLB